**UNITED STATES of America,**
**Appellee,**

v.

**Dwaun BROWN, Appellant.**

No. 06–1540.

United States Court of Appeals,
Eighth Circuit.

Submitted: Feb. 22, 2007.

Filed: March 1, 2007.

James C. Delworth, Asst. U.S. Attorney, U.S. Attorney's Office, St. Louis, MO, for Appellee.

Dwaun Brown, Terre Haute, IN, pro se.

Joann Trog, St. Louis, MO, for Appellant.

Before RILEY, MAGILL, and MELLOY, Circuit Judges.

PER CURIAM.

Dwaun Brown (Brown) pled guilty to conspiring to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846. Brown objected to his classification as a career offender, arguing in reliance on *Shepard v. United States,* 544 U.S. 13, 27–28, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (Thomas, J. concurring), his prior convictions should not be used to enhance his sentence, despite *Almendarez–Torres v. United States,* 523 U.S. 224, 226–27, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (sentence-enhancing prior conviction need not be charged in indictment; due process does not require treating recidivism as element of offense). The district court [1] overruled the objection, and sentenced Brown to 188 months' imprisonment. Brown appeals, arguing his sentence violates the Fifth and Eighth Amendments.

These arguments are unavailing. *See United States v. Johnson,* 408 F.3d 535, 540 (8th Cir.2005) ("The Supreme Court has never overruled its decision in *Almendarez–Torres,* and *Shepard* did not alter the rule that a court may consider prior criminal history as a sentencing factor."); *United States v. Collins,* 340 F.3d 672, 679 (8th Cir.2003) ("The Eighth Amendment

forbids only extreme sentences that are grossly disproportionate to the crime." (internal quotations omitted)). Brown's sentence is not unreasonable. Consequently, we affirm.

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.